UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 04 CR 156 |
| | ) | |
| JOSEPH BLEKA | ) | Judge John W. Darrah |
| | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

Defendant, Joseph Bleka, was arrested on February 10, 2004, charged with drug offenses

in connection with his actions with the Campos drug trafficking organization. According to the

indictment, the Defendant allowed the Campos drug traffickers to unload their cocaine shipments

at his warehouse. Following his appearance before the Magistrate Judge, the Defendant was

released on electronic home monitoring and a $250,000 bond secured by his home. As a

condition of his pretrial release, he was allowed to leave home to operate his business, J.B. Land

Trucking.

The Defendant went to trial beginning on October 12, 2005. Before, and at trial, the

Defendant fully admitted his actions in connection with the Campos organization but raised the

affirmative defense of coercion. On November 2, 2005, the Defendant was found guilty of

conspiracy to possess and distribute cocaine, as well as other possession and attempted

distribution offenses. The maximum sentence for which the Defendant is eligible is over ten

years. Following the verdict, the Government moved to have the Defendant immediately

confined pursuant to 18 U.S.C. § 3143(a)(2). The Defendant objected. The Court ordered

1

Defendant to be immediately detained, pursuant to 18 U.S.C. § 3143(a). The Court granted the Defendant leave to file a Motion for Presentence Release. The Defendant filed a motion setting forth personal and legal reasons, which, he argued, justified the Defendant's release pursuant to 18 U.S.C. § 1345(c). The Government filed its response, again objecting to the Defendant's request for presentence release. For the foregoing reasons, the Defendant's Motion for Presentence Release is granted.

## LEGAL STANDARD

The Bail Reform Act, as amended, sets forth the procedures by which a judicial officer determines whether a recently convicted person may be released pending sentencing. *See* 18 U.S.C. §§ 3143(a), 3145(c). Under Section 3143(a)(2), defendants, like Bleka, who are convicted of drug crimes with a maximum sentence of ten years or more must be detained, unless there is a finding that: (1) there is a substantial likelihood that a motion for acquittal or new trial will be granted, or that the government recommends that no sentence of imprisonment be imposed; and (2) by clear and convincing evidence, the defendant is not likely to flee or pose a danger to the community. 18 U.S.C § 3143(a)(2). It can not be found that is a substantial likelihood that a motion for acquittal or new trial. The Government does not recommend the Defendant's release. Therefore, presentence release is not available pursuant to Section 3143(a)(2).

Notwithstanding these proscriptions, a defendant subject to detention under Section 3143(a)(2) may be released if he meets the requirements of Section 3145(c). That section provides that: "[a] person subject to detention pursuant to section 3143(a)(2) . . . , and who meets the conditions of release set forth in section 3143(a)(1) . . . , may be ordered released,

2

under appropriate conditions, by the judicial officer, if it is clearly shown that there are *exceptional reasons* why such person's detention would not be appropriate." 18 U.S.C. § 3145(c) (emphasis added). Section 3143(a)(1) requires that "the judicial officer find[ ] by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released." 18 U.S.C. § 3143(a)(1).

## ANALYSIS

Therefore, to warrant release under Section 3145(c), two requirements must be satisfied. First, the Court must find, by clear and convincing evidence, that the Defendant is not likely to flee or pose a danger to the safety of any other person or the community if released. Second, this Court must find exceptional reasons why his detention would not be appropriate.

Defendant is a first time offender. He complied with all conditions of his pre-trial release. Mr. Bleka's wife, son, daughter, sister, brother and mother all reside in Lemont, Illinois. He, his wife, and son reside in the family home which secures the existing $250,000 bond. There is no evidence that he is a danger to others, other than the fact that he was convicted of the drug offenses. Further, Defendant's Pretrial Services Monitoring Officer agrees that the Defendant's continued release pending execution of his sentence is appropriate. As a result, this Court finds, by clear and convincing evidence, in accordance with 18 U.S.C. § 3143(a)(1) that the Defendant is not likely to flee or pose a danger to the safety of any other person or the community if released prior to sentencing, subject to the terms and conditions of pretrial release and to the additional conditions set out below.

It must then be considered if there are exceptional reasons why the Defendant's detention would not be appropriate, under 18 U.S.C. § 3145(c). In order to make this determination, "a

3

case-by-case evaluation is essential" to decide if the Defendant's situation presents "a unique combination of circumstances giving rise to situations that are out of the ordinary." *United States v. Herrera-Soto*, 961 F.2d 645, 647 (7th Cir. 1992) ("*Herrera-Soto*").

In making this determination, "[c]ourts granting release have often relied upon a combination of personal factors (e.g., employment, ties to the community, performance on pre-trial release, medical conditions) and legal factors (e.g., the potential length of the sentence and the possibility of downward departure at sentencing)." *United States v. Kaquatosh*, 252 F. Supp.2d 775, 778 (E.D. Wis. 2003) (*Kaquatosh*). "A substantial question of law sufficient to satisfy the criteria for release required of any convicted person, in a remarkable or unique factual context, may render detention pending appeal inappropriate." *Herrera-Soto*, 961 F.2d at 647.

The Defendant has raised several personal factors to justify his presentence release. The Defendant notes that he fully and completely complied with all the conditions of pretrial release for the past twenty months; indeed, the Defendant's Pretrial Services Officer, Tony Raya, states that the Defendant has observed all of the conditions of his home confinement and concurs with the Defendant regarding release pending sentencing. The Defendant supports his family – including a dependent wife, son, and 80-year old mother -- through his business, J.B. Trucking. These "purely personal" factors, standing alone, would not justify the Defendant's release under Section 1345(c), *see e.g., United States v. Burnett*, 76 F. Supp.2d 846, 849 (E.D. Tenn. 1999) (denying where the primary care provider for brother and mother); *United States v. Ameneiro,* No. 94 CR 333-12, 1999 WL 66100 (N.D. Ill. May 12, 1994) (denying where the defendant worked, did not flee while on bond, and has ties to the community).

There "is no reason why family circumstances cannot provide a factual basis for release

4

pending sentencing." *Kaquatosh*, 252 F. Supp.2d at 778-79. However, even where the family or personal circumstances are unique, it is clear the need must be transitory; not based on the hardships generally imposed on the families of persons who are incarcerated but rather on "some special reason or need for the defendant to be free on bond during the period of time between the finding of guilt and release." *Kaquatosh*, 252 F. Supp.2d at 778. Here, the Defendant is the sole owner and operator of his trucking company, which provides the only means of support for his family. He has operated the company for years, since its inception, including the past twenty months he was free on bond. The Defendant has demonstrated a need to make arrangements for the transition of control or sale of J.B. Land Trucking. These arrangements regarding the business are not something that can be done at a later time, after the Defendant completes his sentence. The failure to do so at this time will have a substantial impact on his family. *United States v. Mitchell*, 358 F. Supp.2d 707, 709 (E.D. Wis. 2005) (defendant was attempting to sell or lease his home, which he owned).

The Defendant also raises a number of legal factors that justify his release pursuant to Section 1345(c), which should be considered in combination with the above-discussed personal factors. The Defendant expects to move for departure under U.S.S.G. § 5K2.12, which provides relief for defendants who committed an offense due to serious coercion, blackmail, or duress, under circumstances not amounting to a complete defense. The Defendant cites his mitigating role in the Campos Drug Trafficking Organization, which may be considered under U.S.S.G. § 3B1.2. The Defendant contends that he qualifies for relief from the mandatory minimum sentence, pursuant to U.S.S.G. § 5C1.2. He is a first offender, he did not use or threaten violence, or possess a dangerous weapon, he played a minor role in the offense, and he met with

the government under a proffer agreement and truthfully explained his role in the offense, as well as the role of others. The Defendant argues that he has demonstrated an acceptance of responsibility and may be entitled to a reduction of offense level pursuant to U.S.S.G. § 3E1.1 cmt. n. 2 (2004). *Kaquatosh,* 252 F. Supp.2d at 778 ("[E]ven if the defendant is bound to be sent to prison (even for a substantial period of time), the unique factual circumstances of his case could make immediate detention inappropriate."). *Cf. United States v. Loaiza DeVilla,* No. 94 CR 73, 1996 WL 132121 (S.D.N.Y. March 22, 1996) (legal factors need not reduce incarceration entirely but circumstances have to be exceptional).

This combination of personal and legal factors demonstrates "exceptional reasons" justifying presentence release, pursuant to 18 U.S.C. § 1345 (c). Therefore, the Court finds, by clear and convincing evidence, that the Defendant is not likely to flee or pose a danger to the safety of any other person or the community if released, under 18 U.S.C. 3143(a)(1), and finds exceptional reasons why his detention would not be appropriate, under 18 U.S.C. § 3145(c).

18 U.S.C. § 3143(a)(1) provides, if the judicial officer makes the above finding regarding release from detention, he shall order the release in accordance with section 3142(b) or (c). In so doing, the judicial officer may impose additional or different conditions of release. 18 U.S.C. § 3142 (c)(3). *See also, United States v. Halikias,* 97 CR 694, 1998 WL 292378, *1 (N.D. Ill., May 21, 1998). Pursuant to 18 U.S.C. § 3142(c), and the factors in 18 U.S.C. § 3142(f), Defendant shall be released on all the terms and conditions of pretrial release, including electronic home monitoring, provided, however, that the Defendant will not leave the Northern District of the State of Illinois, and provided further the bond of $250,000 shall be increased, the Defendant shall post a $400,000 secured bond, which shall be secured by the Defendant's

6

residence, and if additional security is needed, by the assets of J.B. Land Trucking.

## **CONCLUSION**

For the foregoing reasons, Defendant's, Joseph Bleka's, Motion for Presentence Release is granted.

Date: _December 8, 2005_

_JOHN W. DARRAH, Judge_

JOHN W. DARRAH, Judge

United States District Court