UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | No. 04 CR 156 |
| v. | ) | |
| | ) | Judge John W. Darrah |
| JOSEPH BLEKA | ) | |

## MEMORANDUM OPINION AND ORDER

Defendant, Joseph Bleka, was arrested on February 10, 2004, charged with drug offenses in connection with his actions with the Campos drug trafficking organization. According to the indictment, the Defendant allowed the Campos drug traffickers to unload their cocaine shipments at his warehouse. Before and during trial, the Defendant fully admitted these actions but raised the affirmative defense of coercion. On November 2, 2005, the Defendant was found guilty of conspiracy to possess and distribute cocaine, as well as other possession and attempted distribution offenses. Currently before the Court is the Defendant's Motions for Judgment of Acquittal or, in the alternative, for a New Trial.

## LEGAL STANDARD

Motions for judgment of acquittal should only be granted when "the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). A defendant "faces a nearly insurmountable hurdle [because courts] consider the evidence in the light most favorable to the Government, defer to the credibility determination of the jury, and overturn a verdict only when the record contains no evidence, regardless of how it is weighed, from which the jury could find

1

guilt beyond a reasonable doubt." *United States v. Blassingame*, 197 F.3d 271, 284 (7th Cir. 1999) (*Blassingame*) (quoting *United States v. Moore*, 115 F.3d 1348, 1363 (7th Cir. 1997). In the case of the coercion defense, "if any rational trier of fact could have found that the government proved [the defendant] had not met one or more elements of the coercion defense, the judgment should be affirmed." *United States v. Jocic*, 207 F.3d 889, 892 (7th Cir. 2000) (*Jocic*).

Federal Rule of Criminal Procedure 33 allows a trial court to grant a new trial on the motion of the defendant "if required in the interests of justice." *United States v. Kuzniar*, 881 F.2d 466, 470 (7th Cir. 1989). A motion for a new trial is not favored and should only be granted with great caution. In order to obtain a new trial, a defendant must demonstrate that his substantial rights have been jeopardized. *United States v. Reed*, 986 F.2d 191, 192 (7th Cir. 1993).

## ANALYSIS

The affirmative defense of coercion, also known as duress, is available if a defendant establishes three elements: (1) an immediate threat of death or serious bodily injury; (2) a reasonable fear that the threat will be carried out; and (3) no reasonable opportunity to avoid the threatened harm other than by committing the criminal act charged. *United States v. Fiore*, 178 F.3d 917, 922 (7th Cir. 1999) (*Fiore*). The government is required to disprove coercion beyond a reasonable doubt. *Jocic*, 207 F.3d at 892.

A defendant is entitled to present a coercion instruction to the jury on his theory of the case if: (1) the proffered instruction is a correct statement of the law; (2) the theory is supported by the evidence; (3) the theory of the defense is not part of the charged conduct; and (4) the

failure to include the instruction would deny the defendant a fair trial. *Fiore*, 178 F.3d at 922.

In the instant case, at the close of the evidence, the parties offered, and the Court gave, the Seventh Circuit Coercion Instruction 6.08:

> If the defendant engaged in the conduct charged only because he reasonably feared that immediate, serious bodily harm or death would be inflicted upon him or others if he did not engage in the conduct, and he had no reasonable opportunity to avoid the injury, then the defendant is not guilty because he was coerced.

The parties agree the jury was properly instructed as to the coercion defense. However, the Defendant alleges the Government did not overcome its burden of disproving the coercion defense beyond a reasonable doubt, as a basis for his motions.

In support of these motions, the Defendant summarizes the trial testimony as follows. The Defendant is the sole owner and operator of a trucking company, J.B. Land Trucking. The Defendant testified that he rented space in his warehouse to Co-Defendant Martin Vasquez to facilitate semi-trailer repairs, and that, initially, the Defendant was unaware that the rented space was being used for nefarious purposes. This testimony was corroborated by Co-Defendant Vasquez, who stated that he and the Defendant never discussed money or that contraband was being smuggled in these trailers.

There was testimony that the Campos drug organization secreted narcotics into hidden compartments inside of the semi-trailers' walls and ceilings. No one testified that the Defendant was aware of this. Only later, when the Campos organization hid the narcotics inside loads of produce, the Defendant testified, did he become aware that something other than produce was on these trucks; and he confronted Co-Defendant Vasquez and told him that he no longer wanted his

business. The Defendant testified that Co-Defendant Vasquez told the Defendant that he was already "in" and that if he did not continue working with him, then Defendant and his family would be killed, and that Defendant did not believe he had an opportunity to avoid the threatened harm if he did not cooperate with Vasquez.

The Defendant testified that on one occasion, Vasquez introduced the Defendant to Vasquez's brother, a Chicago Police Officer, and told the Defendant that his brother was part of the Campos drug organization and implied that the Defendant should not get any ideas of reporting the drug activities to the police. There was also evidence of threats of violence against others by Vasquez and other members of the Campos organization.

However, there was testimony that contradicted the coercion defense. That evidence included recordings on which the Defendant made jokes with Co-Defendant Vasquez and a videotape on the day of the Defendant's arrest, showing the Defendant just before the Defendant unloaded the cocaine, at one point, seen smiling at Co-Defendant Vasquez. In another recording, another Co-Defendant, Gustavo Campos, told Co-Defendant Vasquez that the Defendant would continue to let them use his warehouse, provided that they kept paying the Defendant.

The jury determined the credibility of the witnesses and the weight to be offered to their testimony and found that the Government had disproved the Defendant's claim of coercion. In light of all of the evidence presented to the jury, it cannot be said that no rational trier of fact could have found that the Government proved the Defendant had not met one or more elements of the coercion defense. Thus, the judgment should be affirmed. *Jocic*, 207 F.3d at 892.

The Defendant seeks a new trial on the same ground for which he sought a judgment of acquittal. Although Federal Rule of Criminal Procedure 33 allows a trial court to grant a new trial if doing so would be in the interest of justice, in light of the trial testimony and evidence discussed above, the motion for a new trial is denied.

## **CONCLUSION**

For the foregoing reasons, Defendant Joseph Bleka's Motions for Judgment of Acquittal or, in the alternative, for a New Trial are denied.

Date: March 14, 2006

JOHN W. DARRAH
United States District Court Judge

5